NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**BRENT W. AMOS,**
*Plaintiff-Appellant*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Defendant-Appellee*

---

2025-1331

---

Transferred from the United States District Court for the District of Maryland, No. 8:24-cv-01699-TDC, Judge Theodore D. Chuang.

---

Before TARANTO, WALLACH, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

## O R D E R

Following transfer by the United States District Court for the District of Maryland, we directed the parties to show cause whether this court had jurisdiction over this action. In response, the Office of Personnel Management ("OPM") urges dismissal. ECF No. 10. Brent W. Amos requests the court to "assign this case to a [j]urisdiction or

quasi-judicial body with the authority to rule on this case in the interest of justice." ECF No. 11 at 3.

In November 2021, Mr. Amos filed an appeal at the Merit Systems Protection Board seeking to challenge an OPM determination concerning his continued eligibility in the Federal Employees' Group Life Insurance ("FEGLI") program. In May 2023, an initial decision was issued dismissing the appeal for lack of jurisdiction because authority to decide FEGLI claims lies exclusively in federal district courts and the United States Court of Federal Claims under 5 U.S.C. § 8715, not with the Board. That decision became the final decision of the Board on June 19, 2023, and Mr. Amos did not appeal to this court.

In June 2024, Mr. Amos filed this action in the District of Maryland. His Complaint appears to be challenging a November 13, 2023 OPM letter regarding adjustments to his Federal Employees Retirement System ("FERS") annuity as well as OPM's denial of FEGLI benefits—OPM actions that Mr. Amos alleges constituted breaches of a prior settlement agreement. In December 2024, the parties jointly moved to transfer the action to this court. Because Mr. Amos was "pursuing claims that affect[ed] his rights and interests under [FERS]," OPM took the position that it appeared the proper court for the claims is the Federal Circuit. ECF No. 1-2 at 243. Based on those representations, the district court granted the parties' motion.

There was no plausible basis for the district court to conclude that we had jurisdiction. This court has no authority to directly review OPM decisions. *See Gossage v. OPM,* No. 2021-1026, 2020 WL 11564229, at *1 (Fed. Cir. Dec. 18, 2020); *see generally* 28 U.S.C. § 1295. And despite taking the position that Mr. Amos was appealing a Board decision concerning his rights under FERS, the parties point to no Board decision in which Mr. Amos raised a FERS claim. The only Board decision noted by the parties is the one dismissing Mr. Amos's FEGLI claims for lack of

jurisdiction. And it does not appear that Mr. Amos filed this action to challenge that Board decision. *See Amos v. Shriver*, No. 8:24-cv-01699 (D. Md. Dec. 2, 2024), No. 12 at 2 (noting the Board's dismissal for lack of jurisdiction on the ground that the FEGLI claim had to be brought in district court is "WHY THIS FEGLI ISSUE . . . IS BEFORE THIS COURT").[1]

Since Mr. Amos indicates he is pursuing this litigation to challenge the denial of his FEGLI benefits, *see* ECF No. 11 at 2 (noting he is seeking a "proper accounting of his FEGLI Insurance benefits") and he appears to have raised that claim at least in his Initial Complaint and discussed FEGLI in his Amended Complaint, we transfer the action back to the district court under 28 U.S.C. § 1631, taking no position on OPM's timeliness arguments. *See Taylor v. Dep't of Com.*, 61 F.3d 920 (Fed. Cir. 1995) (unpublished table decision) (retransferring to the district court when the complaint represented an original action and not an appeal from the Merit Systems Protection Board).

Accordingly,

---

[1]    Had Mr. Amos appealed that Board decision, summary disposition would have been proper, given the Board was clearly correct that it lacks jurisdiction over FEGLI claims. *See Miller v. OPM*, 449 F.3d 1374, 1378 (Fed. Cir. 2006) ("The jurisdictional provision that governs review of disputes concerning [the Federal Employees' Group Life Insurance Act ("FEGLIA")], 5 U.S.C. § 8715, provides that the district courts of the United States have original jurisdiction . . . of a civil action or claim against the United States founded on FEGLIA." (cleaned up)).

IT IS ORDERED THAT:

The official caption is revised as reflected in this order, and the appeal and all its filings are transferred to the United States District Court for the District of Maryland pursuant to 28 U.S.C. § 1631.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 28, 2025
Date